# UNITED STATES DISTRICT COURT

## Northern District of California

### San Francisco Division

| | |
|---|---|
| NORMA J. WINGATE,<br><br>　　　　　Plaintiff,<br>　　v.<br><br>UNITED STATES POSTAL SERVICE,<br><br>　　　　　Defendant.<br>_____/ | No. C 12-05560 LB<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>[ECF NO. 19] |

## INTRODUCTION

*Pro se* Plaintiff Norma J. Wingate, a retired United States Postal Service ("USPS") employee filed suit against the United States Postal Service for employment discrimination and retaliation. *See* Complaint, ECF No. 1.[1] Documents attached to the complaint appear to allege tort claims. *See, e.g.,* ECF No. 1 at 3 (fraud), ECF No. 1-3 at 1 (extortion), ECF No. 1-1 at 3-5 (invasion of privacy). On June 17, 2013, the USPS moved to dismiss all of Ms. Wingate's claims. *See* Motion, ECF No. 19. For the reasons discussed below, the court **GRANTS** the USPS's motion to dismiss.

## STATEMENT

Plaintiff Norma J. Wingate is a retired USPS employee. On October 26, 2009, Ms. Wingate contacted the USPS's Equal Employment Opportunity ("EEO") office. *See* Tam Decl. Ex. A, ECF

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronically-generated page number at the top of the document.

C 12-05560 LB
(ORDER)

No. 19-2 at 3.[2] On December 24, 2009, Ms. Wingate filed a formal EEO Complaint of Discrimination in the Postal Service. *Id.* at 2. She alleged that "Manager Sharon Gray and USPS" discriminated against her "based on Race (African-American), Color (Black), Sex (Female), National Origin (Unspecified), Age (DOB: 3/3/39), Mental Disability (Stress) and Retaliation (Prior EEO Activity)." *Id.* at 9 (letter restating Ms. Wingate's allegations); *see id.* at 2-3.

Ms. Wingate's EEO complaint alleged that she was off work from August 26 to September 14, 2009, due to "Harassment and a Hostile Work environment on Job Stress." *Id.* at 3, 9. On September 16, 2009, Sharon Gray gave Ms. Wingate a new job assignment, but Ms. Wingate refused to accept the change. *Id.* at 5. Gray then told Ms. Wingate not to return to work and placed her in a "no pay status (LWOP)" for her August 26 to September 14, 2009 absence and from September 16, 2009 forward. *Id.* at 5, 9.

On April 20, 2009, the USPS issued a "Final Agency Decision" regarding her complaint. *See* Tam Decl. Ex. B, ECF No. 19-3 at 2-20. The USPS found that Ms. Wingate failed to establish that she was subjected to discrimination or retaliation. *See id.* at 13-14, 16, 19. The Final Agency Decision stated that Ms. Wingate could appeal either to the USPS's Merit Systems Protection Board ("MSPB") or the appropriate United States District Court. *Id.* at 19. On May 27, 2010 Ms. Wingate appealed the decision to the MSPB ("Wingate I"). *See* Tam Decl. Ex. D, ECF No. 19-5.

On November 3, 2010, while the MSPB appeal was pending, the USPS issued a letter informing Ms. Wingate that she would be fired from the USPS. *See* Tam Decl., Ex. C, ECF No. 19-4 at 6. She appealed this decision to the MSPB ("Wingate II") and the two appeals were combined. *See* MSPB Decision, ECF No. 19-5 at 3. On August 8, 2011, MSPB Administrative Judge Grace B. Carter issued an initial decision, reversing Ms. Wingate's suspension and removal. *See Id.* Judge Carter awarded Ms. Wingate back pay and ordered the USPS to restore Ms. Wingate's employment. *See id.* at 34-35.[3] Judge Carter also found that Ms. Wingate "failed to show that she was discriminated

---

[2] Because the USPS's motion challenges the factual basis for jurisdiction, the court considers these submissions.

[3] The decision gave Ms. Wingate permission to file a petition for enforcement with the MSPB to resolve any dispute about the amount of back pay. *See id.* at 35.

C 12-05560 LB
(ORDER)          2

against on the basis of race, color, sex, age, and/or disability or because of prior EEO activity, in connection with the two subject actions." *Id.* at 34.

Ms. Wingate appealed Judge Carter's decision to the Board itself. *See* MSPB Opinion and Order, Tam Decl. Ex. E, ECF No. 19-6. She argued that Administrative Judge Carter erred in finding that she failed to establish her discrimination claims. *Id.* On September 27, 2012, the Board affirmed Judge Carter's initial decision that Ms. Wingate did not establish discrimination or retaliation. *Id.* The MSPB Opinion stated that Ms. Wingate could "file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court." *Id.* at 9 (citing 5 U.S.C. § 7703(b)(2)).

On October 30, 2012, Ms. Wingate filed a complaint with numerous attachments in this court. *See* Complaint, ECF No. 1.[4] Ms. Wingate alleges that the USPS is liable under Title VII for discriminating against her with respect to her race or color, sex, and national origin. *See* Complaint ¶¶ 3-5. The basic facts surrounding Ms. Wingate's discrimination claim are:

> Put off the clock Sept. 16, 2009 without due process. Denied Pay (LWOP) for 7 months. Falsified attendance records in order to issue a Letter of Removal. Harassed with unnecessary letters. Conspired with Postmaster and Managers to Punish me by changing my assignment while I was off on sick, Refused to Pay Leave.

Complaint ¶ 6. The alleged discrimination occurred "continuously for years but more obvious beginning Sept. 2009 thru 2012." *Id.* ¶ 7.

Attached to the three-page complaint are 83 pages of exhibits, which include factual allegations handwritten on unlined paper, copies of administrative proceedings between Ms. Wingate and the USPS, and documents including copies of correspondence, checks, pay stubs, and attendance records (many of the documents also bear illegible handwritten margin notes and annotations). *See*

---

[4] Defendant points out that the complaint improperly names "U.S. Post Office" as the defendant because Title VII claims must be brought against the head of the relevant agency accused of discriminatory practices. *See* Motion at 7 n.1; *accord* 42 U.S.C. § 2000e-16(c). Accordingly, Patrick R. Donohoe, Postmaster General of the United States is substituted in place of the U.S. Post Office as the Defendant with respect to Ms. Wingate's Title VII claims. *See* 42 U.S.C. § 2000e-16(c). For purposes of this order, however, the court will refer to the Defendant as the USPS.

Attachments to Complaint, ECF Nos. 1-1 – 1-4.[5] Ms. Wingate seek two types of relief in the complaint.

First, the complaint is an appeal from the MSPB's decision denying Ms. Wingate's discrimination claim. *See* Complaint, ECF No. 1-3 at 1 ("I am appealing MSPBs Final Decision on EEO and Reconsideration on the Constructive Suspension."). The complaint does not allege facts to support any of the underlying discrimination claims, though. *See* Complaint, *passim*. Ms. Wingate does not allege that she filed a Complaint with the EEOC or the California Department of Fair Employment and Housing. *Id.* Nor does she allege that she received a right-to-sue notice from the EEOC. *Id.* ¶ 9.

Second, Ms. Wingate alleges that the USPS has not fully complied with the MSPB's decision and the complaint is a "petition for enforcement" of that order. *See* Complaint, ECF No. 1-1 at 1-2; ECF No. 1-3 at 1. As alleged, the USPS failed to comply with the MSPB decision in the following ways:

1. The USPS sent Ms. Wingate's checks to the Bayview Station, where she used to work, rather than to another address. *See, e.g., id.* at 1.

2. Sharon Gray also delayed sending the checks to Ms. Wingate. *See id.* at 3-5

3. The USPS withheld money from her back pay award for federal income taxes, and improperly reduced the award to pay for health benefits and union dues. *See, e.g., id.* at 2.

4. The USPS underpaid (or did not pay) the amount of pre-judgment interest on the MSPB award. *See, e.g., id.* at 3; ECF No. 1-2 at 8.

5. The USPS improperly denied Ms. Wingate pay for performance bonuses for 2009 and 2010. *See* Complaint, ECF No. 1-2 at 1-5.

6. The USPS refuses to correct her attendance records to reflect the MSPB decision. *See* Complaint, ECF No. 1-3 at 15.

---

[5] In addition to the documents filed in this case, on May 15, 2013, Ms. Wingate filed 59 pages of documents in her related case, *Wingate v. US Post Office*, No. 13-1722 LB (N.D. Cal.) (the "2013 Case"). *See* 2013 Case, ECF No. 6. Among these documents is a letter dated March 10, 2013 from Ms. Wingate to the court. *See* ECF No. 6-1 at 5, 9-29. At the top of each page is what appears to be a mistranscription of this matter number ("CASE NO. CV12-0550 LB"). Ms. Wingate did not file that letter in this case and it is not part of the complaint at issue. Nonetheless, the letter would not change the outcome of this case because the discrimination allegations fail for the same reasons as the allegations in the complaint.

C 12-05560 LB
(ORDER)        4

In addition, Ms. Wingate references possible tort claims including fraud, extortion, and invasion of privacy.[6] *See* ECF No. 1 at 3 (fraud), ECF No. 1-3 at 1 (extortion), ECF No. 1-1 at 3-5 (alleging USPS manager Gray invaded her privacy by opening her checks and reading them").

## ANALYSIS

### I. LEGAL STANDARDS

#### A. Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) permits defendants to move for dismissal of a complaint for lack of subject-matter jurisdiction. Because a plaintiff seeks to invoke federal jurisdiction by filing a complaint in federal court, a plaintiff bears the burden of establishing that jurisdiction *See, e.g., Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994); *Farmers Ins. Exchange v. Portage La Prairie Mut. Ins. Co.*, 907 F.2d 911, 912 (9th Cir. 1990). Hence, a plaintiff must plead sufficient facts in the complaint to establish the court's jurisdiction Fed. R. Civ. P. 8(a)(1).

A defendant may mount either a facial or a factual challenge to the court's jurisdiction *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). A facial attack asserts that the lack of federal jurisdiction appears on the face of the complaint. *See Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003). In this context, a court must "accept all allegations of fact in the complaint as true and construe them in the light most favorable to the plaintiffs." *See id.* In contrast, with a factual challenge, courts do not accept as true all facts in a plaintiff's complaint and may evaluate extrinsic evidence and resolve factual disputes when necessary. *See Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987) (quoting *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983)). Where a defendant asserts a factual challenge by presenting affidavits or other evidence, the party opposing the motion must present sufficient evidence to support the court's subject-matter jurisdiction *See Savage v. Glendale Union High School, Dist. No. 205, Maricopa County*, 343 F.3d 1036, 1040 n. 2 (9th Cir. 2003). Dismissal of a complaint without leave

---

[6] Defendant's motion to dismiss also mentions "what appear to be additional claims of violations of the Fourteenth Amendment, due process, conspiracy, extortion and stalking." Motion, ECF No. 19 at 11.

to amend should only be granted where the jurisdictional defect cannot be cured by amendment. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

**B. Rule 12(b)(6)**

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." A motion to dismiss under Rule 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In order to survive a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 557.) In considering a motion to dismiss, a court must accept all of the plaintiff's allegations as true. *Id*. at 550; *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). The plaintiff's complaint need not contain detailed factual allegations, but it must contain more than a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949. In reviewing a motion to dismiss, courts may also consider documents attached to the complaint. *Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995) (citation omitted). Additionally, courts may consider a matter that is properly the subject of judicial notice, such as matters of public record. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). If the court dismisses the complaint, it "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

**II. MS. WINGATE'S EMPLOYMENT DISCRIMINATION CLAIMS FAIL**

The USPS moves to dismiss Ms. Wingate's discrimination claims for two reasons. First, it argues that the court should dismiss any discrimination claims that were not part of Ms. Wingate's

UNITED STATES DISTRICT COURT
For the Northern District of California

MSPB complaint for failure to exhaust administrative remedies. *See* Motion, ECF No. 19 at 13. Second, the USPS moves to dismiss those discrimination and retaliation claims that were part of Ms. Wingate's MSPB complaint for failure to state a claim upon which relief can be granted. *Id.* at 17-19. For both reasons, the court dismisses Ms. Wingate's discrimination claims.

**A. Ms. Wingate Has Not Exhausted Her Administrative Remedies**

The USPS argues that the court lacks jurisdiction to hear the Title VII discrimination claims because Ms. Wingate did not raise them before the MSPB and thus did not exhaust her administrative remedies. *See* Motion, ECF No. 19 at 13. *Id.* Ms. Wingate did not respond to this argument. *See* Opp'n, ECF No. 21.

Exhaustion of administrative remedies is a prerequisite to this court's subject matter jurisdiction. *B.K.B. v. Maui Police Dept.*, 276 F.3d 1091, 1099 (9th Cir. 2002); *EEOC v. Farmer Bros. Co.,* 31 F.3d 891, 899 (9th Cir. 1994). *See also Freeman v. Oakland Unified School Dist.,* 291 F.3d 632, 638 (9th Cir. 2002) (holding that in order to establish subject matter jurisdiction over a Title VII claim, plaintiff must first exhaust his administrative remedies); *Ross v. USPS,* 696 F.2d 720, 722 (9th Cir. 1983) (a former USPS employee alleging race discrimination could not bring an employment discrimination case in federal court before first exhausting internal remedies with the USPS).

Federal employees asserting Title VII claims must exhaust their administrative remedies as a precondition to filing a civil action in federal district court. *See Brown v. General Servs. Admin.*, 425 U.S. 820, 832 (1976). Generally, a federal employee must seek relief from the EEO department of the employing agency. *See McAdams v. Reno*, 64 F.3d 1137, 1141 (8th Cir. 1995); 29 C.F.R. §§ 1614.101-1614.110.

With regard to the USPS, federal regulations require an individual alleging discrimination under Title VII or the ADEA to contact a USPS EEO Counselor within forty-five days of the allegedly discriminatory action. *Id.*; 29 C.F.R. § 1614.105. If the counselor is unable to informally resolve the matter, an individual alleging discrimination under Title VII[7] must file a formal complaint with

---

[7] An individual alleging age discrimination under the ADEA is not required to file a formal complaint with the agency before filing suit in a United States district court. *See* 29 C.F.R.

C 12-05560 LB
(ORDER)                                         7

1  the USPS's EEO program. *Id.* § 1614.106. The USPS can dismiss a complaint if the complainant
2  fails to state a claim. *Id.* § 1614.107. Otherwise, it must investigate the complaint, hold a hearing (if
3  the complainant requests one), and issue a final decision, which is considered a final agency action.
4  *Id.* §§ 1614.108-1614.110.

5  When a federal employee claims he or she has been affected by both an "adverse employment
6  action" and a related Title VII violation, the employee may appeal the agency's final decision to the
7  Merit Systems Protection Board ("MSPB"). *See Sloan v. West*, 140 F.3d 1255, 1259 (9th Cir. 1998);
8  5 U.S.C. § 1201, *et seq.* The MSPB is a quasi-judicial government agency which adjudicates federal
9  employee appeals of agency personnel actions. *Sloan,* 140 F.3d at 1258-59. The MSPB has
10 appellate jurisdiction of "adverse employment actions" which fall within one of five categories: (1) a
11 removal, (2) a suspension for more than 14 days, (3) a reduction in grade, (4) a reduction in pay, or
12 (5) a furlough of 30 days or less. *Id.* at 1259.

13 The MSPB also has pendent jurisdiction over discrimination claims brought in connection with
14 an appeal of an "adverse employment action," that is, an appeal of an agency action that falls within
15 one of the five categories of adverse employment actions. *See Sloan,* 140 F.3d at 1259. When a
16 federal employee claims he or she has suffered an "adverse employment action" that was affected, in
17 whole or part, by unlawful discrimination, he or she may exhaust his administrative remedies by
18 asserting both claims before the MSPB. *See id.* Such a complaint is referred to as a "mixed case
19 complaint." *See id.*

20 If the MSPB decides it has jurisdiction of the mixed case complaint, the complaint becomes a
21 "mixed case appeal" appropriately adjudicated by the MSPB. *See Sloan*, 140 F.3d at 1260. A
22 "mixed case appeal," in which the MSPB decides the merits of both the nondiscrimination claim
23 (i.e., the adverse employment action) and the discrimination claim, may be appealed to a federal
24 district court under the applicable discrimination statute. *See id.* at 1261; *Washington v. Garrett,* 10
25 F.3d 1421, 1428 (9th Cir. 1993).

26 If an employee appeals directly to the MSPB, an ALJ makes an initial decision which becomes

---

§ 1614.201(a).

final 35 days after issuance, unless "any party files a petition for review" with the MSPB, or the MSPB reopens the case on its own motion. 5 C.F.R. § 1201.113. The MSPB may either deny a petition for review, at which point the decision becomes "final," 5 C.F.R. § 1201.113(b), or it may grant review and issue a final decision. 5 C.F.R. § 1201.113(c). Once the MSPB issues a final decision, the employee has three options: (1) appeal the discrimination claim to the EEOC within 30 days, 5 C.F.R. § 1201.157; (2) appeal both the discrimination and nondiscrimination claims to the appropriate district court within 30 days; or (3) appeal the nondiscrimination claim to the United States Court of Appeals for the Federal Circuit within 60 days. 5 U.S.C. § 7703(b).

The jurisdictional scope of a Title VII claimant's court action depends upon the scope of the complaint and the agency's investigation. *Sosa v. Hiraoka*, 920 F.2d 1451, 1456 (9th Cir. 1990) (citing *Green v. Los Angeles County Superintendent of Sch.*, 883 F.2d 1472, 1476 (9th Cir. 1989)). The district court has subject matter jurisdiction only over discrimination claims that are either "'within the scope of an EEOC investigation that reasonably could be expected to grow out of the allegations' or be 'like or reasonably related to the allegations made before the EEOC.'" *Ulloa v. Potter*, 442 Fed. App'x 334, 336 (9th Cir. 2011); *see also Freeman v. Oakland Unified School Dist.*, 291 F.3d 632, 636 (9th Cir. 2002) (claims must either fall within the scope of the EEOC's actual investigation or an EEOC investigation which can reasonably be expected to grow out of the charge of discrimination); *Wlebon v. Potter*, No. C 02-4512 SI, 2004 WL 834696, at *4 (N.D. Cal. April 12, 2004 (granting summary judgment for lack of jurisdiction over claims that were not alleged in the EEOC complaint).

Here, the USPS argues that Ms. Wingate's claims for improper calculation of her back pay award, harassment in sending her settlement check to the wrong address, and in opening her mail were never presented to the MSPB and are not reasonably related to any claims that were. Motion at 13. The court agrees. Her allegations relate to the USPS's compliance with the MSPB decision and are unrelated to the allegations in her MSPB complaint as described above.

In a factually-similar case where the district court granted summary judgment in the USPS's favor on the merits of a retaliation claim, the Ninth Circuit vacated the judgment and remanded with instructions to dismiss the claim for lack of jurisdiction. *See Ulloa*, 442 Fed. App'x at 336. In

*Ulloa*, the plaintiff brought a retaliation claim based on the USPS's processing forms that were used to calculate Ulloa's back pay award from a prior EEO proceeding. *Id.* Because the retaliation claim was based on actions that took place after the EEO proceeding, the court found that the claim was not within the scope of that investigation. *Id.* Nor was it "like or reasonably related to the allegations made before the EEOC" because the "dates, factual details and alleged perpetrators" were different. *Id.*

Just as in *Ulloa*, Ms. Wingate alleges that the USPS discriminated and retaliated against her in the way it responded to a prior EEO proceeding. Because she did not raise these allegations in a new MSPB proceeding, this court lacks jurisdiction to hear them now. Accordingly, to the extent the complaint states Title VII claims based on allegations that were not presented to the MSPB, those claims are dismissed for lack of jurisdiction. This includes claims based on allegations that The USPS or its employees harassed Ms. Wingate, discriminated against her, or retaliated against her after the MSPB ruling. These claims are dismissed without prejudice.

**B. Ms. Wingate Fails to State a Claim For Employment Discrimination or Retaliation**

The USPS also moves to dismiss the claims to for race, color, sex, age, and national origin discrimination that Ms. Wingate presented to the MSPB as insufficiently pleaded. Motion at 17. Ms. Wingate's opposition does not respond to the USPS's arguments.

*1. The Complaint Does Not State a Title VII Claim*

For a federal employee alleging employment discrimination on the basis of race, color, national origina, and sex, Title VII is the only available remedy. *See Brown v. General Services Administration*, 425 U.S. 820, 834 (1976) (holding that Title VII is the exclusive judicial remedy for discrimination in federal employment). Title VII provides that:

It shall be an unlawful employment practice for an employer–

(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or

(2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

42 U.S.C. § 2000e–2(a). "The emphasis of both the language and the legislative history of the statute is on eliminating discrimination in employment; similarly situated employees are not to be treated differently solely because they differ with respect to race, color, religion, sex, or national origin." *Trans World Airlines, Inc. v. Hardison*, 432 U.S. 63, 71 (1977).

To establish a prima facie case of employment discrimination under Title VII, Ms. Wingate must prove that (1) she belongs to a protected class, (2) she was qualified for the position, (3) she was subject to an adverse employment action, and (4) similarly-situated individuals outside her protected class were treated more favorably. *See Leong v. Potter*, 347 F.3d 1117, 1124 (9th Cir. 2003) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)). Though heightened pleading standards are not mandated in Title VII cases, Ms. Wingate must plead sufficient facts to state the elements of a prima facie case of discrimination. *Johnson v. Riverside Healthcare System, LP*, 534 F.3d 1116, 1122 (9th Cir. 2008) (citing *Williams v. Boeing Co.*, 517 F.3d 1120, 1130 (9th Cir. 2008)).

Here, Ms. Wingate fails to sufficiently allege these elements. First, the complaint does not specify Ms. Wingate's national origin, so it fails at the first element. With regard to race and sex discrimination, the documents attached to the complaint indicate that Ms. Wingate is an African-American woman. *See* Complaint, ECF No. 1-4 at 3 (MSPB opinion). Liberally construed, the complaint alleges that she was qualified for her previous position at the USPS. *See* ECF No. 1-2 at 14-15 (document purporting to be Ms. Wingate's performance ratings for FY2009). She also alleges that she was subject to adverse employment actions when she was placed on leave without pay status.

Ms. Wingate fails to allege, however, any facts showing that similarly-situated individuals outside her protected class were treated more favorably. Therefore, Ms. Wingate's claims based on race, sex, and national origin are dismissed without prejudice.

### *2. The Complaint Does Not State an ADEA Claim*

The USPS also moves to dismiss Ms. Wingate's claims under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623, *et seq. See* Motion at 17-18. To establish a prima facie case of discrimination under the ADEA, Ms. Wingate must plead facts that plausibly support

that:

> (1) she was at least 40 years old; (2) she was performing her job satisfactorily; (3) discharged; and (4) either replaced by a substantially younger employee with equal or inferior qualifications *or* discharged under circumstances otherwise giving rise to an inference of discrimination.

*Sheppard*, 694 F.3d at 1049. A plaintiff need not plead each element of the prima facie showing for an age discrimination claim, though mere conclusory statement are insufficient. *See Heyer v. Governing Bd. of Mt. Diablo Unified School Dist.*, No. 11-16853, 2013 WL 1320499, at *1 (9th Cir. Apr. 3, 2013) (slip op.) (citing *Sheppard v. David Evans & Assoc.*, 694 F.3d 1045, 1050 n.2 (9th Cir. 2012).

As with her Title VII claims, Ms. Wingate fails to allege any facts with regard to the fourth element of the prima facie case. Any ADEA claim rests solely on conclusory allegations that are insufficient. *See Heyer*, 2013 WL 1320499, at *1 (affirming dismissal of ADEA claim where complaint lacked factual assertions that plaintiff's replacement was substantially younger or that a substantially younger individual received more favorable treatment). Accordingly, Ms. Wingate's ADEA claim is dismissed without prejudice.

### *3. The Complaint Does Not State Claims for Harassment, Hostile Work Environment, or Retaliation*

Next, the USPS moves to dismiss any claims for harassment, hostile work environment, or retaliation. Motion at 18. The complaint's allegations about harassment, hostile work environment, and retaliation allegations all appear to relate to actions that Ms. Wingate has not administratively exhausted.

Although *pro se* pleadings are liberally construed . . . a *pro se* plaintiff must still satisfy the pleading requirements of Federal Rule of Civil Procedure 8(a)." *Jackson v. Napolitano*, No. CV-09-1822-PHX-LOA, 2010 WL 94110, at *2 (D. Ariz. Jan.5, 2010) (granting defendant's motion to dismiss *pro se* complaint for failure to state claim for disability discrimination) (internal citations omitted). "Neither the Court nor the defendants should be compelled to cull through pages of rambling narrative, argument and needless digression to discover the factual bases for plaintiffs' claims." *Jacobson v. Schwarzenegger*, 226 F.R.D. 395, 397 (C.D. Cal.2005) (dismissing complaint

pursuant to Rule 8); *Sevilla v. Terhune*, No. 1:06–cv–00172–LJO–WMW, 2009 WL 1211393, at *1 (E.D. Cal. May 1, 2009) (same). Accordingly, to the extent the complaint purports to state harassment, hostile work environment, or retaliation claims, they are dismissed without prejudice.

## III. ANY TORT CLAIMS ARE BARRED BY SOVEREIGN IMMUNITY

In addition to the allegations based on discrimination, the complaint references a number of tort claims. The USPS contends that Ms. Wingate's tort claims are barred by sovereign immunity and that the Federal Tort Claims Act ("FTCA") does not apply. Motion at 15. Ms. Wingate's opposition brief does not address the USPS's arguments. *See* Opp'n, ECF No. 21.

The doctrine of sovereign immunity bars actions against the United States except where it clearly and explicitly consents to be sued. *United States v. Testan*, 424 U.S. 392, 399 (1976). The terms of such consent, as expressly set forth by Congress, define the court's subject matter jurisdiction to entertain suits against the United States. *United States v. Sherwood*, 312 U.S. 584, 590-91 (1940). Absent a waiver, the sovereign immunity doctrine shields the federal government, its agencies, and its federal employees acting in their official capacity from suit. *FDIC v. Meyer*, 510 U.S. 471, 475 (1992); *Sierra Club v. Whitman*, 268 F.3d 898, 901 (9th Cir. 2001).

The FTCA provides such a waiver. 28 U.S.C. § 2675(a). The FTCA permits civil actions against the United States where federal agencies or employees commit negligent or wrongful acts or omissions within the scope of their employment such that the law of the forum state would consider the act or omission a tort. 28 U.S.C. § 1346(b)(1). The FTCA is the exclusive remedy for tort allegedly committed by federal officers acting in the scope of their employment. 28 U.S.C. § 2679(b)(1). The FTCA is also the exclusive remedy for tort actions against a federal agency, regardless of the agency's statutory authority to sue or be sued in its own name. *See* 28 U.S.C. § 2679(a) (1998); *see Kennedy v. U.S. Postal Service*, 145 F.3d 1077, 1078 (9th Cir. 1998) (per curiam).

Before filing suit under the FTCA, a plaintiff must present his or her administrative claim to the appropriate agency within two years of the incident, *see* 28 U.S.C. § 2401(b), and the agency must either "finally den[y]" her claim or fail to arrive at a "final disposition of [her] claim within six months after it is filed," *see* 28 U.S.C. § 2675(a). "The claim requirement of section 2675 is

1 jurisdictional in nature and may not be waived." *Burns v. United States*, 764 F.2d 722, 723 (9th Cir.
2 1985). Where plaintiff fails to satisfy the claim requirement, the district court cannot assert subject
3 matter jurisdiction over the plaintiff's FTCA claim. *See* 28 U.S.C. § 2675(a); *McNeil v. United*
4 *States*, 508 U.S. 106, 111-12 (1993); *Burns*, 764 F.2d at 723. The plaintiff in an action seeking
5 relief under the FTCA bears the burden of showing that he or she complied with the FTCA's
6 administrative claim requirement. *See Bruce v. United States*, 621 F.2d 914, 918 (8th Cir. 1980).

7 The USPS argues that the court lacks jurisdiction over Ms. Wingate's tort claims and that
8 Wingate has not complied with the FTCA's requirements. *See* Motion at 15-16. The court agrees
9 and dismisses Ms. Wingate's tort claims on several independent grounds.

10 First, Ms. Wingate's tort claims fail because the complaint names the U.S. Postal Service
11 (though the court construes it as naming Postmaster General Patrick Donahoe with regard to the
12 discrimination claims). A claim against either the USPS in its own name or against the Postmaster
13 General is not a claim against the United States. *See Continental Cablevision v. United States Postal*
14 *Serv.*, 945 F.2d 1434, 1440 (8th Cir. 1991); *see also Kennedy*, 145 F.3d at 1078 (affirming district
15 court dismissal of FTCA claims where plaintiff named The USPS and the Postmaster General
16 "because the plaintiff brought an FTCA action against a person and entity not subject to the
17 FTCA"). Second, there is nothing in the record to suggest that Ms. Wingate ever presented any
18 tort claims to the appropriate administrative agency. She does not argue otherwise in any of the
19 documents she submitted in opposition to the USPS's motion. Thus, to the extent her claims arise
20 under the FTCA, they must be dismissed. But because she may still be able to present an
21 administrative claim to the SSA, the court dismisses her claims without prejudice.

22 Finally, the complaint mentions causes of action, such as defamation, extortion, fraud, and
23 interference with Ms. Wingate's mail. *See* ECF No. 1 at 3 (fraud), ECF No. 1-3 at 1 (extortion),
24 ECF No. 1-1 at 3-5 (alleging USPS manager Gray opened her checks, read them, and delayed their
25 delivery). These claims each fall within exceptions to the FTCA's waiver of sovereign immunity.
26 *See* 28 U.S.C. § 2680 (b) ("[a]ny claim arising out of the loss, miscarriage, or negligent transmission
27 of letters or postal matter"); § 2680(h) ("[a]ny claim arising out of . . . libel, slander,
28 misrepresentation, deceit, or interference with contract rights"). Accordingly, these claims are

1 barred by the United States' sovereign immunity and are dismissed with prejudice.

## IV. ANY FUTURE COMPLAINT MUST BE ORGANIZED AND LEGIBLE

The complaint and attachments that Ms. Wingate filed are handwritten in cursive. They are difficult to read and frequently illegible.

Should Ms. Wingate choose to file an amended complaint, she should try to type her submissions or at least legibly and clearly print all words in her pleadings on double-spaced horizontal lines. While she may attach documents to her complaint and reference them in the complaint, her hand-written notes on them are not a substitute for putting her factual allegations in the complaint itself in a way that they can be easily read. *See, e.g.,* ECF No. 1-1 at 16 (paystub with illegible handwritten annotations).

## CONCLUSION

For the reasons discussed above, the court **GRANTS** the USPS's motion to dismiss. Ms. Wingate's tort claims based on defamation, extortion, fraud, and invasion of privacy are dismissed with prejudice. All of her other claims are dismissed without prejudice and to the extent Ms. Wingate can remedy the deficiencies identified above, she may reallege those claims in an amended complaint filed by August 14, 2013. As discussed above, however, she may not raise claims that she did not exhaust administratively.

This disposes of ECF No. 19.

**IT IS SO ORDERED.**

Dated: July 23, 2013

_____
LAUREL BEELER
United States Magistrate Judge